[Civ. No. 17567. Second Dist., Div. One. Oct. 4, 1950.]

BORDEN & BARTON ENTERPRISES, INC., Appellant, v. WARNER BROS. BROADCASTING CORP. et al., Respondents.

Alexander L. Oster for Appellant.

Freston & Files and Eugene D. Williams for Respondents.

DORAN, J.—The judgment from which the present appeal is taken is one of dismissal of plaintiff's cause of action following the sustaining of a general demurrer to a third amended complaint. The original and amended complaints attempt to state a cause of action to recover damages for alleged plagiarism in the copying of plaintiff's radio show without permission and broadcasting the same by means of radio station "KFWB."

Appellant's third amended complaint, differing only slightly from its predecessors, alleges that since March 23, 1948, "plaintiff has been the exclusive owner of a show, transmit by means of the radio, known as a 'BOOM SHOW.'" It is then alleged that "said show is performed on the air by means of the radio as follows: Red, yellow, green, purple balloons of various sizes and shapes are used. Seated on the stage are five contestants. Above and in back of each contestant is a wooden disc. Upon each disc is one letter of the word 'Boom'; . . . the exclamation mark makes the fifth. This is for identification purposes. In the center of each disc is a deflated balloon, to which is attached by a long hose an ordinary tire pump. Each contestant uses this tire pump to inflate his balloon until it goes BOOM. The first to break his balloon is the winner, and prizes are awarded to the winners."

The complaint alleges that the above show was produced and presented by appellant on June 3, 1948, through the medium of the National Broadcasting Company studios at Los Angeles, "and a recording was made of said show by plaintiff"; that a copy of the broadcast is not attached to the complaint since "it would be impracticable to attach" such a recording.

The respondents' dereliction is alleged as follows: "That for several weeks last past, the defendants . . . without the permission or consent of plaintiff, have copies and broadcast

a show over the air through the medium of Station KFWB, which show is entitled 'Barrel of Dough,' and said show contains portions copied from plaintiff's show. Balloons are given to two rows of the theatre audience and at a Go Signal from the Master of Ceremonies, the contestants blow their balloons until three balloons explode. The winner row receive prizes.'' It is then alleged ''That by reason of the unlawful acts of the defendants in using the material belonging to the show owned by plaintiff, the plaintiff has been damaged in the sum of . . . $250,000.00.'' In addition to the damages claimed, the complaint prays that ''defendants be restrained and enjoined from using the material of said Boom Show in the future,'' and be required to account ''for the profits denied the plaintiff.''

The only question involved herein is whether the trial court ''erred in sustaining the demurrer without leave to amend.'' It is contended by appellant that the (third amended) complaint ''states facts sufficient to constitute a cause of action, or could be amended to sustain a cause of action,'' and that the trial court's action ''was error and constituted an abuse of discretion.''

Respondents' brief, answering the above argument, calls attention to the fact that in plaintiff's allegations ''there is no assertion that the plaintiff's show was novel or originated by plaintiff,'' or that the same ''was ever submitted to the defendants for consideration as to possible production or purchase.'' Likewise, it is particularly noted that ''As a radio show, whether recorded or not, either would consist only of sound effects, conversation, description by an announcer or something of the sort, and yet there is no allegation that the two shows, as they appeared over the air in sound, were or could be at all similar.''

A survey of the record indicates that the third amended complaint, like its predecessors, alleges nothing by way of pointing out the novelty of plaintiff's ''Boom Show'' other than by describing the balloon contest involved. Likewise, the similarity between the shows staged by plaintiff and defendants is only made to appear by the short and general description of the two shows. Although it is alleged that the defendants' show ''contains portions copied from plaintiff's show,'' the complaint in question does not allege what portions of the plaintiff's show were ''copies.'' As respondents' brief points out, ''the two descriptions indicate no similarity in concrete

form but only a similarity in idea, in that in both shows a contest was involved and balloons were used.''

The recent case of *Stanley* v. *Columbia Broadcasting System*, 35 Cal.2d 653, 656 [221 P.2d 73], decided August 4, 1950, has been cited by both parties. Affirming a judgment of the superior court, the opinion in the Stanley case says: ''the right of the originator of an idea to recover from one who uses or infringes it seems to depend upon whether or not the idea was novel and reduced to concrete form prior to its appropriation by the defendant, and, where the idea was disclosed by the originator to the appropriator, whether such disclosure took place under circumstances indicating that compensation was expected if the idea was used.'' It was also held that ''The problem of similarity between two compositions, whether literary, musical or dramatic, is a question of fact to be determined ultimately by a comparison of the two works upon the basis of the average individual possessing a practical understanding of the subject.''

The action in the Stanley case was by a writer to recover on an implied agreement of defendant broadcasting company to pay for a radio program alleged to have been originated by plaintiff and which had been submitted to the defendant in the hope that a purchase or license agreement might result therefrom. From this statement of the facts it is evident that the Stanley case is of no particular assistance in the present controversy. The facts here involved are dissimilar; for example, it is not claimed that appellant's ''Boom Show'' was ever submitted to respondents. Moreover, the instant appeal only involves the sufficiency of appellant's third amended complaint and the propriety of sustaining a general demurrer thereto without leave to amend. The Stanley case furnishes no support to appellant's contentions.

It cannot be said that the trial court's action in sustaining the demurrer was erroneous or that it amounted to an abuse of discretion. After three attempts to state a cause of action, the third amended complaint fails to allege any circumstances indicating any implied contract or trust relation, and likewise fails to show any novel idea ''reduced to a concrete form,'' which has been appropriated by the defendants. The complaint entirely neglects to make clear what is perhaps one of the most important items, namely, the exact similarity upon which plaintiff predicates a cause of action; it fails to allege what portions of the plaintiff's show were ''copies'' by the

defendants. As respondents' brief points out, the only similarity definitely pointed out is that both shows make use of a balloon contest involving members of an audience, and resulting in an award of prizes.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.